UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON HERBER,

    Plaintiffs,

v.                                    CASE NO: 8:10-cv-794-T-23EAJ

PROFESSIONAL ADJUSTMENT
CORPORATION,

    Defendant.
_____/

## **ORDER**

The plaintiff sues for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962. On May 13, 2010, the Clerk entered default (Doc. 6) against the defendant. Pursuant to Rule 55(b), Federal Rules of Civil Procedure, the plaintiff moves (Doc. 7) for default judgment. By virtue of the default, the defendant admits the facts alleged in the complaint. See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

The FDCPA prohibits a "debt collector" from (1) using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and (2) engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt," 15 U.S.C. § 1692d. The complaint alleges that the defendant is a debt collector and that the plaintiff is a consumer within the meaning of the FDCPA. (Doc. 1, ¶¶ 7, 8)

According to the complaint, the defendant "constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer

debt owed for a hospital bill." Furthermore, the defendant "used abusive language with Plaintiff while seeking and demanding payment for an alleged consumer debt by stating that Plaintiff should give up 'luxuries' and pay the bill." (Doc. 1, ¶¶ 11, 12)  The complaint alleges that the defendant violated the FDCPA by (1) "contacting Plaintiff at a time and place known to be inconvenient," (2) "engaging in conduct the natural consequence of which is to harass, oppress, and abuse the Plaintiff," (3) "using abusive language with Plaintiff in an attempt to collect a debt," (4) "causing the telephone to ring repeatedly," (5) "making false and deceptive representations and engaging in deceptive means in an attempt to collect the debt," (6) "falsely representing the character, amount, and/or legal status of the debt," and (7) "threatening to take action that cannot legally be taken or is not intended to be taken." (Doc. 1, ¶ 15)

In accord with 15 U.S.C. § 1692k(a)(3), the plaintiff requests "the costs of the action, together with a reasonable attorney's fee as determined by the court."  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  "[A] reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984).  Upon consideration of the supporting documents and the applicable legal standard, the request for attorney's fees is **GRANTED IN PART** to the extent that the plaintiff is entitled to recover $3,081.80 in attorney's fees and $361.61 in costs.  To the extent the plaintiff requests "$500.00 in anticipated collection costs," the request is **DENIED**.

The motion for default judgment (Doc. 7) is **GRANTED**.  The Clerk is directed to enter judgment in favor of the plaintiff and against the defendant in the amount of $4,443.41, which amount includes $1,000 for statutory damages, $3,081.80 for attorney's fees, and $361.61 for costs.  Upon entry of judgment, the Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on May 25, 2010.

*[Signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE